[Crim. No. 875. Second Appellate District, Division Two.—July 31, 1922.]

In the Matter of the Application of VADA LUSHER for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS—ORDINANCE—KEEPING OF GOATS—CONSTITUTIONAL LAW.—Writ discharged and prisoner remanded on authority of *Matter of Application of Mrs. Frank Mathews for a Writ of Habeas Corpus, ante,* p. 649.

APPLICATION for a Writ of Habeas Corpus to secure release after conviction of violation of a municipal ordinance. Denied.

The facts are similar to those stated in *Matter of Application of Mrs. Frank Mathews for a Writ of Habeas Corpus, ante,* p. 649.

J. G. Rossiter and B. M. Marble for Petitioner.

J. H. Howard and Leonard L. Riccardi for Respondent.

CRAIG, J.—[1] The issues involved in this proceeding are generally the same as those in the application of Mrs. Frank Mathews for a writ of *habeas corpus, ante,* p. 649 [209 Pac.

220]. Upon the hearing it was agreed that the evidence taken should apply to both cases. The reasons given for discharging the writ in that case apply here.

A problem is propounded by the petitioner, Vada Lusher, to which no reference was made in the other proceeding, but the solution of which we regard as impossible in this one. Mrs. Lusher kept four goats and two kids. It is claimed that she was convicted under the charge that she kept more than four goats. The transcript does not bear out this contention. It appears that she was charged with a misdemeanor under Ordinance No. 1940, being the one in question, "particularly section 14 (c) of said ordinance." It will be seen that this charge is general.

From the testimony of witnesses given upon the hearing, it was shown that Mrs. Lusher's corral was within nine feet of the nearest dwelling-house. It is, therefore, clear that the conviction must be upheld, assuming that the provision against the keeping by any person of "any goat within fifty (50) feet of any dwelling-house other than that occupied by him or it" is constitutional. Hence, we need not decide whether or not a kid is a goat, it being unnecessary to a decision of the case. It seems clear that the determination of so serious a question should be deferred until some other suit or proceeding in which it shall appear to be an issue directly involved in that case.

The writ is discharged and the prisoner remanded.

Finlayson, P. J., and Works, J., concurred.